NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0247-14T4

WELLS FARGO BANK, N.A.,

 Plaintiff-Respondent,

v.

ANNA MARIE FORTE and
RICHARD FORTE,

 Defendant-Appellant.
_______________________________

 Submitted April 5, 2017 – Decided May 17, 2017

 Before Judges Alvarez and Manahan.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Burlington County, Docket
 No. F-031426-13.

 David J. Khawam, attorney for appellant.

 Reed Smith, LLP, attorney for respondent
 (Henry F. Reichner, on the brief).

PER CURIAM

 Defendants Anna Marie Forte and Richard Forte appeal from a

January 31, 2014 order granting summary judgment to plaintiff

Wells Fargo Bank, N.A. (Wells Fargo) and an August 1, 2014 final
judgment foreclosing their interest in certain residential real

estate. We affirm both orders.

 The foreclosure complaint filed by Wells Fargo averred that

in August 2007, defendants executed a $1,060,000 note to World

Savings Bank, FSB (World Savings). At the same time, defendants

executed a mortgage to World Savings on a residential property in

Medford, Burlington County. The mortgage was recorded. Defendants

acknowledged execution of these documents in their brief in this

appeal.

 In December 2007, World Savings merged with, and changed its

name to, Wachovia Mortgage, FSB (Wachovia). In November 2009,

Wachovia merged with Wells Fargo. As a result, Wells Fargo became

the holder of the note and mortgage.

 In August 2007, a class action lawsuit was filed against

Wachovia in the United States District Court for the Northern

District of California, alleging that various aspects of the "Pick-

a-Payment" loan product violated state and federal laws. Wachovia

settled the class action lawsuit in December 2010, providing

monetary and non-monetary relief to different classes of borrowers

(the settlement). In Re Wachovia Corp. "Pick-a-Payment" Mortg.

Mktg. and Sales Practices Litig., No. M:09-CV-2015 (N.D. Cal. Dec.

10, 2010).

 2 A-0247-14T4
 Defendants were members of Settlement Class B. In May 2011,

the final settlement was approved. As part of the settlement,

defendants received and deposited a check in the amount of $178.04.

Members of Settlement Class B were mailed a settlement notice (the

notice) advising them of their rights and options in the

settlement. The notice stated that "[a]s a member of Settlement

Class B, you may be eligible to participate in the loan

modification program" and that "[y]ou are also eligible to receive

a payment from the [s]ettlement [f]und after the [c]ourt grants

final approval to the [s]ettlement[.]" The notice clearly stated

that "[u]nless you exclude yourself from the [s]ettlement, you

can't sue [Wachovia], continue to sue, or be part of any other

lawsuit . . . about the legal issues in this case."

 On November 19, 2012, the Northern District of California

issued an order in the class-action settlement, expressly retained

continuing jurisdiction to interpret and enforce the settlement.

In Re Wachovia Corp. "Pick-a-Payment" Mortg. Mktg. and Sales

Practices Litig., No. 5:09-MD-02015-JF (N.D. Cal. Nov. 19, 2010).

 Defendants defaulted on the note in March 2012. In July

2013, Wells Fargo sent defendants two Notices of Intent to

Foreclose (NOI) advising them of the default and of their right

to cure.

 3 A-0247-14T4
 Wells Fargo filed a foreclosure complaint on September 3,

2013, and defendants filed a contesting answer on September 23,

2013. An order was entered on October 8, 2013, directing document

production and responses to interrogatories.

 On December 13, 2013, Wells Fargo filed a motion to uphold

the settlement and for summary judgment, or in the alternative,

to dismiss for failure to provide discovery. Oral argument was

held before Judge Karen Suter on January 31, 2014.

 The judge entered an order, accompanied by a statement of

reasons, granting summary judgment in favor of Wells Fargo and

upholding the settlement. The judge also granted Wells Fargo's

motion to dismiss for failure to provide discovery and dismissed

defendants' affirmative defenses and counterclaims. The matter

proceeded as uncontested with the Office of Foreclosure and final

judgment of foreclosure was entered on August 1, 2014. This appeal

followed.

 Defendants raise the following points on appeal:

 POINT I

 THE MOTION FOR SUMMARY JUDGMENT SHOULD NOT
 HAVE BEEN GRANTED IN FAVOR OF PLAINTIFF
 BECAUSE THE MORTGAGE LOAN AT ISSUE IS VOID AND
 UNENFORCEABLE.

 POINT II

 THE MOTION TO UPHOLD SETTLEMENT SHOULD NOT
 HAVE BEEN GRANTED BECAUSE THE CLASS ACTION

 4 A-0247-14T4
 SETTLEMENT DOES NOT PRECLUDE
 APPELLANTS/DEFENDANTS' DEFENSES IN THIS CASE.

 POINT III

 THE MOTION TO DISMISS FOR FAILURE TO PROVIDE
 DISCOVERY SHOULD NOT HAVE BEEN GRANTED BECAUSE
 DEFENDANTS/APPELLANTS DID PROVIDE DISCOVERY
 IN ACCORDANCE WITH THE CASE MANAGEMENT ORDER
 DEADLINES.

 In reviewing a grant of summary judgment, we apply the same

standard under Rule 4:46-2(c) that governed the trial court.

Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 564

(2012). We must "consider whether the competent evidential

materials presented, when viewed in the light most favorable to

the non-moving party, are sufficient to permit a rational

factfinder to resolve the alleged disputed issue in favor of the

non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142

N.J. 520, 540 (1995). We give no deference to the motion judge's

conclusions on issues of law, which are reviewed de novo.

Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366,

378 (1995).

 Applying this standard, the record amply supports the summary

judgment order. The judge concluded the Northern District of

California class-action settlement was entitled full faith and

credit in New Jersey and defendants' acceptance of the settlement

 5 A-0247-14T4
payment in the class action precluded their claims against Wells

Fargo in the instant foreclosure matter.

 We are satisfied that the judge's factual findings concerning

all of defendants' contentions are fully supported by the record

and, in light of those facts, her legal conclusions are

unassailable. We therefore affirm the summary judgment

substantially for the reasons expressed in the judge's

comprehensive written opinion. We add only the following.

 Article IV, section 1 of the United States Constitution

states: "Full Faith and Credit shall be given in each State to the

public Acts, Records, and judicial Proceedings of every other

State." See also 28 U.S.C.A. § 1738 (providing that the judicial

proceedings of the states are to be given full faith and credit

in federal court). Our Supreme Court has noted that "the

constitutional full faith and credit clause [and] the

corresponding federal statute" do not "compel state courts to give

preclusive effect to judgments of the federal courts." Watkins

v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 407 (1991).

However, "[t]he rule that state courts must accord preclusive

effect to prior federal court judgments is so settled that it is

accepted as axiomatic" because "[t]hat respect is essential to the

fair and efficient functioning of our federalist system of

justice." Id. at 406 (citations omitted).

 6 A-0247-14T4
 For a New Jersey court to give full faith and credit to a

class action judgment of another court, "class members in that

action must have been afforded 'the minimum procedural

requirements'" of due process. Simmermon v. Dryvit Sys., Inc.,

196 N.J. 316, 330 (2008) (quoting Kremer v. Chem. Constr. Corp.,

456 U.S. 461, 481, 102 S. Ct. 1883, 1897-98, 72 L. Ed. 2d 262, 280

(1982)). These minimum procedural requirements are:

 notice plus an opportunity to be
 heard and participate in the
 litigation. The notice must be the
 best practicable, reasonably
 calculated, under all the
 circumstances to apprise [class
 members] of the pendency of the
 action and afford them an
 opportunity to present their
 objections. The notice should also
 describe the class members' rights
 in the action and provide them an
 opportunity to remove [themselves]
 from the class by executing and
 returning an opt out or request for
 exclusion form to the court.

 [Ibid. (alterations in original)
 (citations and internal quotation
 marks omitted).]

We only review whether the class action settlement provided

"adequate safeguards to ensure that the notice to class members

satisfied the requisites of due process." Id. at 332.

 Here, the judge found defendants were provided with notice

by mail and publication regarding: the nature and scope of the

 7 A-0247-14T4
class action; the opportunity to "opt-out" of the action; and

their rights should they remain a class member. Even assuming

defendants did not receive the notice, defendants waived their

rights to sue Wells Fargo when they cashed the settlement check.

As a result of the settlement, defendants' were barred from

bringing the same claims in State court.

 Defendants raise several arguments for the first time on appeal,

including: (1) the marketing of the loan violated the Consumer

Fraud Act; (2) they are not bound by the class action settlement

due to a prior Attorney General settlement; (3) there was no

evidence they were served notice of the class action; and (4) the

release was void under New Jersey law. This court ordinarily will

not address an issue on appeal that parties have not raised to the

trial court absent concerns involving "the jurisdiction of the

trial court" or "matters of great public interest." Zaman v.

Felton, 219 N.J. 199, 226-27 (2014) (quoting State v. Robinson,

200 N.J. 1, 20 (2009)); R. 2:6-2. In this matter, the record does

not involve jurisdiction or "matters of great public interest"

such as to support a finding that the interest of justice compels

our consideration of issues not presented to the trial court.

 Notwithstanding that the only matters before the judge were the

enforceability of the class action settlement and discovery, we

conclude our analysis by noting the "only material issues in a

 8 A-0247-14T4
foreclosure proceeding are the validity of the mortgage, the amount

of the indebtedness, and the right of the mortgagee to resort to

the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J.

Super. 388, 394 (Ch. Div. 1993) (citations omitted) aff'd, 273

N.J. Super. 542 (1994). A party seeking to establish its right

to foreclose on the mortgage must generally "own or control the

underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422

N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank,

N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)); Bank of

N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)

(citations omitted). In Deutsche Bank Trust Co. Americas v.

Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012), we held that

"either possession of the note or an assignment of the mortgage

that predated the original complaint confer[s] standing," thereby

reaffirming our earlier holding in Mitchell, supra, 422 N.J. Super.

at 216.

 Wells Fargo made a prima facie showing of its right to

foreclose. Moreover, defendants have not proffered defenses

unrelated to the loan origination or the settlement.

 To the extent not specifically addressed herein, we conclude

that defendants' remaining arguments are without sufficient merit

to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 9 A-0247-14T4